**FILED**

**NOT FOR PUBLICATION**

MAY 04 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA ROBERTS, | No. 15-15540 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02506-CKD |
| v. | |
| THE PERMANENTE MEDICAL GROUP, INC., AKA TPMG, Inc.; RONALD CARRETTI; TRACY NUNES; SHIRLEY HANSON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

Appellant Elsa Roberts appeals the grant of summary judgment in favor of Appellees The Permanente Medical Group, Inc ("TPMG"), Ronald Caretti, Tracy Nunes, and Shirley Hanson on Roberts's claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA").  We affirm.

1. The Appellees were entitled to summary judgment on the claim for failure to provide a reasonable accommodation.  Roberts's requested accommodation, being restricted from visual or verbal contact with her direct supervisor, is effectively a request for a new supervisor.  That is per se unreasonable under Equal Employment Opportunity Commission ("EEOC") guidelines.  *See EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*, Question 33 (EEOC Notice No. 915.002, Oct. 17, 2002).  Roberts's alterative request for reassignment in contravention of her collective bargaining agreement was also unreasonable.  *See U.S. Airways*, *Inc v. Barnett*, 535 U.S. 391, 403 (2002).

2. The Appellees were entitled to summary judgment on the claim for failure to engage in the interactive process.  Liability for a breakdown in the interactive process "hinges on the objective circumstances surrounding the parties' breakdown

in communication and responsibility for the breakdown lies with the party who fails to participate in good faith." *Scotch v. The Art Institute of California-Orange County, Inc.*, 173 Cal.App.4th 986, 1014 (2009).  Here, the undisputed facts showed that Roberts refused to respond to repeated attempts by the Appellees to obtain information regarding her disabilities and limitations.

      The district court's judgment is **AFFIRMED**.